UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY PAXTON LEE, AND<br>BENJAMIN LEE,<br><br>  Plaintiff,<br><br>v.<br><br>CORPORATE COLLECTION<br>SERVICES, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: |

## COMPLAINT

**COME NOW** the Plaintiffs, by and through counsel, in the above styled cause, and for their Complaint against the Defendant, Corporate Collection Services, Inc.,[1] states as follows:

### Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act[2] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]) regarding improper collection activities. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in

---

[1] Any reference to Defendant or Defendants refers to both singular and plural.

[2] Any reference to the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and Corporate Collection Services, Inc is subject to personal jurisdiction in this Judicial District.

## Parties

4. The Plaintiff, MARY PAXTON LEE ["Plaintiff" or "Mary"], is a natural person who resides within this Judicial District.

5. The Plaintiff, BENJAMIN LEE ["Plaintiff" or "Benjamin"], is a natural person who resides within this Judicial District.

6. Defendant CORPORATE COLLECTION SERVICES, INC., ["CCS"] is a foreign company that engages in the business of collecting on consumer debts (i.e. a debt collector under the FDCPA) and it does business in this Judicial District. Its principle place of business is outside the State of Alabama.

## Factual Allegations

7. Plaintiff, Benjamin Lee, purchased a truck, which was financed through a credit union and was to make monthly payments of approximately $240.

8. Benjamin Lee had made provisions so that his truck payments could be automatically drafted from his bank account on a monthly basis to satisfy his obligation with the credit union

9. Benjamin Lee had made several payments. However, in summer of 2006, his account did not have enough money in the account to satisfy a payment.

10. Apparently, the credit union had an agreement with a company, whose identity is not known at this time, that it could make the payment on Benjamin Lee's behalf and then seek reimbursement from him for the payment.

11. Apparently, the company that made the payment turned the account over to a debt collector, CCS.

12. At all times material to the facts made the basis of this complaint, Benjamin Lee lived with his parents at their residence.

13. In September 2006, CCS began calling the Lee residence in an attempt to collect the debt. Plaintiffs spoke with the callers on numerous occasions. These calls continued into the month of October, with numerous calls to the Lee residence the first week of October.

14. In one of the harassing phone calls, the caller told Mary Paxton Lee that she had not raised responsible children and proceeded to lecture her about her responsibility to do so.

15. Plaintiffs repeatedly asked for proper documentation from CCS, but did not receive any documents supporting its claim that it was entitled to collect the debt in writing.

16. On October 31, 2006, Benjamin Lee sent a certified letter to CCS asking for proof and support of its claim and asking that it quit calling and harassing the Plaintiffs.

17. After the initial communication, CCS did not send out the required 1692(g) letter until after CCS received the first letter from the plaintiffs.

18. Plaintiffs continued to receive harassing phone calls after this letter.

19. Plaintiffs received no documentation in support of CCS's claim in response to this letter.

20. On November 14, 2006, Benjamin Lee sent a second letter to Alan Stein, an employee of CCS, documenting at least thirty (30) phone calls in the previous two (2) months to the Lee residence. Further, Benjamin Lee asked that CCS cease and desist from calling his parents' residence and demanded verification and documentation of the alleged debt.

21. Plaintiffs received no response to this letter.

22. The conduct of CCS has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

23. It is a practice of CCS to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

24. All actions taken by employees, agents, servants, or representatives of any type for CCS were taken in the line and scope of such individuals' (or entities') employment, agency or representation.

25. All actions taken by CCS were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, and state law and/or that they knew or should has known that their actions were in reckless disregard of the FDCPA, and state law.

26. CCS has engaged in a pattern and practice of wrongful and unlawful behavior with respect to collection activities and the handling of the account as set forth in this Complaint and as such CCS is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collection Practices Act

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

28. Plaintiffs are "consumers" under the FDCPA.

29. CCS, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

    a. Refusing to send the required 1692(g) notice within five days of contact so that the Plaintiff would be informed of his rights;

    b. Refusing to verify, validate, or otherwise send proof of the debt;

    c. Misrepresenting the facts in the communications that CCS has had with Plaintiff;

    d. Making numerous and frequent harassing phone calls;

    e. Making numerous and harassing calls to the Plaintiffs' residence after being asked to cease; and

    f. Making numerous and harassing calls to the Plaintiffs' residence after being sent a request for verification and proof of the debt.

30. Plaintiffs have been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

32. CCS repeatedly called Plaintiffs in a harassing manner. Plaintiffs informed CCS not to harass them, but their requests were not honored. This constitutes harassment and invasion of privacy.

33. CCS negligently and/or recklessly hired, supervised, trained, or selected its employees and/or debt collectors who dealt with Plaintiff. CCS knew that its employees and/or agents were incompetent and knew or should have known that its employees and/or agents would violate state and federal law but yet these incompetent debt collectors were used throughout the dealings with Plaintiffs.

34. CCS acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiffs as set forth in this complaint.

35. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

### RELIEF SOUGHT

36. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

37. Plaintiffs also request all further relief to which they are entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

*/s/ John G. Watts*

John G. Watts ASB-5819-T82J
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL 35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

*/s/ M. Stan Herring*

M. Stan Herring ASB-1074-N72M
Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL 35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

*/s/*

Attorney for Plaintiff

**Serve Defendant via certified mail at the following addresses:**

Jack Grdina
C/O Corporate Collection Services, Inc.
23200 Chagrin Blvd, # 400
Beachwood, OH 44122